IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph S. George, Tammylynn George, Ryan K. Ball, and Jonathan H. Brewer, all individually and on behalf of all others similarly situated individuals, | ) Civil Action No.: 2:10-cv-00087-RMG ) ) ) |
| Plaintiffs, | ) **ORDER** ) ) |
| v. | ) ) |
| ProMed Ambulance Service LLC, and Curtis M. Welch, | ) ) ) |
| Defendants. | ) ) ) |

This matter is before the Court on Plaintiffs' Motion for Damages and Petition for Attorney's Fees and Costs. (Dkt. No. 48). On January 13, 2010, Plaintiffs filed a complaint asserting claims under the Fair Labor Standards Act ("FLSA") on behalf of Plaintiffs individually, and as a collective action on behalf of others similarly situated. (Dkt. No. 1). In the complaint, Plaintiffs also asserted a claim under the South Carolina Payment of Wages Act. (*Id.*). Plaintiffs alleged that Defendants, as employers of Plaintiffs, failed to pay Plaintiffs overtime and failed to pay Plaintiffs for all hours worked, as required by federal and South Carolina law. (*Id.*).

On February 22, 2010, upon Plaintiff's request, the Clerk made an entry of default against Defendants based on their failure to answer or otherwise respond to the complaint. (Dkt. No. 10). On February 28, 2010, Plaintiffs filed a motion for default judgment (Dkt. No. 12). On October 25, 2010, Defendants filed a motion to set aside default. (Dkt. No. 33). In this motion, Defendants failed to give any legitimate reason as to why they failed to file a timely response to

Plaintiffs' complaint, Plaintiffs' request for entry of default, or Plaintiffs' motion for default judgment. (*Id.*). Accordingly, on December 3, 2010, the Court issued an Order denying Defendants' motion to set aside the default and holding that Plaintiffs' motion for default judgment was moot. (Dkt. No. 36). On September 30, 2011, Plaintiffs' filed their Motion for Damages and Petition for Attorney's Fees and Costs (the "Motion"), which is currently pending before the Court. (Dkt. No. 48).

In the Motion, Plaintiffs request that the Court enter judgment for Plaintiffs in varying amounts, and Plaintiffs attach affidavits from each individual Plaintiff supporting the amount allegedly owed by Defendants. (*See* Dkt. Nos. 48-1 through 48-6). Plaintiffs also request that the Court award attorney's fees and costs for specific amounts, and Plaintiffs attach affidavits from Plaintiffs' counsel and a fellow employment lawyer supporting the reasonableness of the amount requested in attorney's fees. (*See* Dkt. Nos. 48-1, 48-7, 48-8). Defendants' deadline to file a response to Plaintiffs' Motion was October 17, 2011. Defendants failed to file any response to Plaintiffs' Motion and therefore have not contested the amounts requested in the Motion.

The Court finds that, pursuant to the FLSA and the authority cited in Plaintiffs' Motion, Plaintiffs' are entitled to a judgment against the Defendants in the amounts requested in the Motion and the supporting affidavits. Thus, judgment against the Defendants is hereby entered in the following amounts:

1. For Plaintiff Joseph S. George in the amount of $37,044.00;

2. For Plaintiff Tammylynn George in the amount of $38,880.00;

3. For Plaintiff Ryan K. Ball in the amount of $18,564.00;

4. For Plaintiff Jonathan H. Brewer in the amount of $15,172.50; and

5. For Plaintiff Scott W. Bullard[1] in the amount of $26,208.00.

Further, having reviewed Plaintiffs' Motion and the affidavit of Plaintiff's counsel, and finding the amounts requested to be reasonable, the Court finds that Plaintiffs are entitled to an award of $29,995.00 [2] in attorney's fees and $2,069.46 in costs.

**AND IT IS SO ORDERED**

_____
Richard Mark Gergel
United States District Court Judge

October __, 2011
Charleston, South Carolina

---

[1] Plaintiff Scott W. Bullard joined this lawsuit by consent on February 9, 2010. (Dkt. No. 6).

[2] The Court notes that Exhibit 1 to Plaintiffs' counsel's affidavit has a typographical error. The "Total Attorney Time" row at the bottom of the chart states that 82.7 hours of attorney time were spent on this matter. (Dkt. No. 48-7 at 11). However, the total time listed adds up to 85.7 hours, and 85.7 hours multiplied by Plaintiffs' counsel's $350.00 per hour rate equals the $29,995.00 amount requested. Thus, 85.7 hours appears to be the actual amount of time spent by Plaintiffs' counsel on this matter.